# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50448
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEONEL PERSONA-DEVORA, also known as Martin Torres Torres, also known as Valentin Arujo Lopez, also known as Roberto Vargas Garcia,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2852-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Leonel Persona-Devora appeals the sentence of 21-months' imprisonment imposed after his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326 (reentry of removed aliens). He contends his within-Guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

goals of 18 U.S.C. § 3553(a).  Along that line, he contends:  the sentence is too severe because his offense was, at most, an international trespass; his reason for reentry, his daughter's request that he return to help care for his other children, mitigates his offense and outweighs his criminal history; and, there are additional mitigating facts—he has lived in the United States for much of his adult life and he suffers from alcoholism and gout.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Persona does not claim procedural error.  As noted, he claims only that his sentence is substantively unreasonable.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citations omitted).  Although Persona contends a sentence imposed under the illegal-reentry Guideline should not be accorded that presumption because it is not empirically based, he concedes this contention is foreclosed by this court's precedent; he raises it only to preserve the issue for possible further review.  *See United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009).

The record reflects the district court had an adequate basis for the sentence imposed.  It considered the presentence investigation report, Persona's allocution, his extensive criminal history, and the purposes of

No. 13-50448

sentencing as expressed in § 3553(a). The court acknowledged Persona's reasons for return, but explained it could not overlook Persona's lengthy criminal history. Further, the court noted it relied on Persona's personal history and characteristics, as well as the nature and circumstances of his offense, in setting the sentence. We do not require a "robotic" recitation of each factor under §3553(a). *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

This court has rejected repeatedly the contention that the Guidelines overstate the seriousness of illegal reentry because, according to Persona, it is simply an international trespass offense. *E.g.*, *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Persona has not shown the court failed to consider a significant factor, gave significant weight to an irrelevant factor, or made a clear error of judgment in balancing the § 3553(a) factors. *See, e.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Rather, he disagrees with its weighing of those factors and asks this court to reevaluate the decision. Given the deference due to a district court's assessment of the § 3553(a) factors and its sentencing decision, Persona has not shown his sentence is substantively unreasonable.

AFFIRMED.